UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS TROUPE, | Case No. C12-1687-RSL-JPD |
| Plaintiff, | SECOND REPORT AND RECOMMENDATION |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1] | |
| Defendant. | |

## I.    INTRODUCTION

This matter comes before the Court on the Commissioner's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Dkt. 15.[2] Specifically, the Commissioner asserts that plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), failed to timely initiate this action challenging the Commissioner's denial of plaintiff's claim for disability benefits under Titles II and XVI of the Social Security Act. Dkt. 15 at ¶ 3 (Weigel Decl.). After several extensions of time, plaintiff filed a response

---

[1] Carolyn W. Colvin is substituted for Commissioner Michael J. Astrue as the defendant in this suit. **The Clerk of Court is directed to update the docket accordingly, and the parties are ordered to update the caption on all future filings with the Court.**

[2] This is actually an amended motion, as the Court previously struck the Commissioner's motion to dismiss due to "an egregious failure to comply with this district's local rules." Dkt. 14. The Commissioner then re-filed his motion in a manner that complies with the local rules. Dkt. 15.

opposing the Commissioner's motion.  Dkt. 25.  After careful consideration of the

Commissioner's motion, the governing law, and the balance of the record, the Court

recommends that the Commissioner's motion, Dkt. 15, be DENIED.

## II.      BACKGROUND

On April 10, 2008, plaintiff filed an application for disability insurance benefits

pursuant to Title II of the Social Security Act.  Dkt. 15 (Weigel Decl.), Ex. 1 at 9.  Plaintiff

also protectively filed a claim for supplemental security income pursuant to Title XVI of the

Social Security Act on March 18, 2008, alleging a disability onset date of January 1, 2001.  *Id*.

Plaintiff's claims were denied initially and upon reconsideration, and plaintiff requested a

hearing before an administrative law judge ("ALJ").  *Id*.  On April 16, 2010, an ALJ issued a

decision denying plaintiff's claims.  *Id*. at 9-26.

The Commissioner submits a declaration from the individual responsible for

processing SSI and DIB claims whenever a civil action has been filed in Washington State,

Robert Weigel, Chief of Court Case Preparation and Review Branch 1 of the Office of

Appellate Operations at the Office of Disability Adjudication and Review ("ODAR").  *See*

Dkt. 15 (Weigel Decl.) at ¶ 3.  In his declaration, Mr. Weigel attests that "on April 16, 2010,

an Administrative Law Judge issued a decision denying the plaintiff's claim for benefits under

Titles II and XVI, and mailed a copy thereof to the plaintiff (Exhibit 1 [to Mr. Weigel's

Declaration]).  Thereafter, the plaintiff requested review of this decision."  Dkt. 15 (Weigel

Decl.) at ¶ 3(a).

Mr. Weigel further asserts that in response to plaintiff's request for review, "on June 1,

2012, the Appeals Council sent, by mail addressed to the plaintiff at [his home address] notice

of its action on the plaintiff's request for review and of the right to commence a civil action

within sixty (60) days from the date of receipt (Exhibit 2)." *Id.* Consistent with the applicable statute of limitations and regulations, the Notice of Appeals Council Action advised plaintiff that the Appeals Council "considered the reasons you disagree with the decision [of the ALJ] and the additional evidence listed on the enclosed Order of Appeals Council.  We found that this information does not provide a basis for changing the [ALJ's] decision."  Dkt. 15 (Weigel Decl.), Ex. 2 at 2.  In addition, it advised the plaintiff that "you have 60 days to file a civil action (ask for court review) . . . the 60 days start the day after you receive this letter.  We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period."  *Id.*  Finally, the notice advised plaintiff that he may request an extension of time to initiate this civil action if he has "a good reason" for the request.  *See id*. at 3.  Mr. Weigel asserts that he is not aware of any request for an extension of time submitted by the plaintiff.  *See* Dkt. 15 (Weigel Decl.) at ¶ (3)(b).

The Commissioner moves to dismiss plaintiff's complaint, arguing that "because plaintiff did not timely commence this action, the complaint fails to state a claim upon which relief may be granted."  Dkt. 15 at 2.  Specifically, the Commissioner asserts that plaintiff is presumed to have received the notice five days after the June 1, 2012 decision date, and therefore plaintiff had until August 6, 2012, to timely file his complaint in this case. Dkt. 15 at 2-3.  However, plaintiff did not file his proposed complaint until October 1, 2012, the date that he filed his IFP application.  Dkt. 1.

By Report and Recommendation dated January 16, 2013, the undersigned recommended that the defendant's motion be granted and the final decision of the Commissioner be affirmed.  Dkt. 17.  At that time, plaintiff had not yet filed any response to the Commissioner's motion.

On February 1, 2013, plaintiff responded to the defendant's motion for the first time by objecting to the Report and Recommendation.  Dkt. 18.  Plaintiff asserted that "I did ask for an extension on my 60 days, as stated on the document that I could, I was having a schizophrenic attack, I sent this letter almost a full week before my 60 days expired."  *Id*. at 1.[3]  On February 28, 2011, the Honorable Robert S. Lasnik noted that plaintiff's objections appear to "seek[] an extension of time to respond to Defendant's motion."  Dkt. 21 at 1.  Thus, the Court re-referred defendant's motion to dismiss to the undersigned for "an amended Report and Recommendation in light of Plaintiff's request for additional time to respond to Defendant's motion."  *Id*.

On March 4, 2013, the undersigned directed plaintiff to file a response to the Commissioner's dispositive motion.  Dkt. 22.  Specifically, the Court asserted that "[i]n light of plaintiff's representation that he did, in fact, ask the Appeals Council for an extension of the 60-day period to submit his complaint to this Court, plaintiff shall have an additional thirty (30) days to respond to the Commissioner's motion[.]"  *Id*. at 2.  The Court advised the plaintiff that "to avoid dismissal of this action, he should provide the Court with evidence to support his claim that he 'did ask [the Appeals Council] for an extension on my 60 days' because he was 'having a schizophrenic attack . . . almost a full week before my 60 day [period] expired.'"  *Id*.  The Court further advised plaintiff that "[m]ere allegations are insufficient to defeat the defendant's motion for summary judgment."  *Id*.  Finally, the Court reminded plaintiff that "he may benefit from the assistance of an attorney in this case," and therefore "if plaintiff would like an additional extension of time to locate and retain such

---

[3] The Commissioner's response simply renewed her argument that this case should be dismissed as untimely.  Dkt. 20.

counsel, he must file a motion requesting such an extension as soon as possible." *Id.*

On April 1, 2013, plaintiff filed a response indicating that he has "attached my proof that you asked for regarding my schizophrenia and I am asking for an extension of time so I can look for an attorney." Dkt. 23. On April 8, 2013, Judge Lasnik granted plaintiff's request in part, and ordered plaintiff to respond to the Commissioner's dispositive motion by no later than June 3, 2013. Dkt. 24.

On June 4, 2013, plaintiff filed his response to the Commissioner's motion. Dkt. 25. Specifically, plaintiff asserts that "I explained why I needed more time and an extension in my last letter requesting time for a search for counsel. I was having mental issues and I did send a letter requesting more time about a week before the limit." *Id.* at 1. Plaintiff attaches a letter explaining the medical treatment he has received from Community Mental Health between April 19, 2011, and March 28, 2013, and asserts that "[h]ere is a copy of a letter concerning my mental issues and the need for more time." *Id.* at 1, 3. Judge Lasnik then re-referred the Commissioner's motion to dismiss to the undersigned "to issue an amended Report and Recommendation in light of Plaintiff's response/letter." Dkt. 26.

### III.    ANALYSIS

A.    <u>Legal Standards Governing the Commissioner's Motion</u>

Motions to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction are treated differently depending on whether the motion attacks the pleading facially or factually. *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000). A facial attack asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer et al.*, 373 F.3d 1035, 1039 (9th Cir. 1987). By contrast, a factual attack "disputes the truth of the allegations that, by themselves, would

otherwise invoke federal jurisdiction." *Id.* A court may consider extra-pleading material when resolving factual challenges. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

Although the affirmative defense of statute of limitations is properly raised in a responsive pleading, in certain circumstances it may "be raised in a motion to dismiss when the running of the statute is apparent from the face of the complaint." *Vernon v. Heckler*, 811 F.2d 1274, 1278 (9th Cir. 1987) (citing Fed. R. Civ. P.(8)(c); *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980)). "Yet such a motion to dismiss should be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Id.* (remanding to allow the issue to be tested on summary judgment pursuant to Rule 12(b) or after the filing of a responsive pleading) (internal citations omitted).

Here, the running of the statute of limitations was apparent on the face of the complaint. *See* Dkt. 4. In addition, both parties had the opportunity to present material pertinent to the pending motion. Because the Court finds the consideration of the materials submitted necessary, it will consider the motion submitted as seeking summary judgment pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to

make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Celotex*, 477 U.S. at 322-23. The court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds*, 512 U.S. 79 (1994).

"The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient[]" to defeat summary judgment. *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Also, the nonmoving party "cannot defeat summary judgment with allegations in the complaint, or with unsupported conjecture or conclusory statements." *Hernandez v. Spacelabs Med. Inc*., 343 F.3d 1107, 1112 (9th Cir. 2003).

B.   42 U.S.C. § 405(g) Sets Forth a 60-Day Statute of Limitations for Civil Actions Challenging the "Final Decision" of the Commissioner

A social security claimant may obtain review of a final decision of the Commissioner by commencing a civil action "within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow." 42 U.S.C. § 405(g). Absent "a reasonable showing to the contrary[,]" a claimant is presumed to have received notice of the decision five days after the decision date. 20 C.F.R. § 422.210(c). In addition, 42 U.S.C. § 405(h) provides, in relevant part, that "[n]o findings of facts or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided[.]"

Section 405(g) and (h) operate as a statute of limitations establishing the 60-day time period in which a claimant may appeal a final decision of the Commissioner. *Vernon*, 811 F.2d at 1277. Because the time limit set forth in Section 405(g) is a condition related to the waiver of sovereign immunity, it must be strictly construed. *Bowen v. City of New York,* 476

U.S. 467, 479 (1986).  However, as a statute of limitations, the deadline is also subject to

equitable tolling.  *See Vernon*, 811 F.2d at 1277 (citing *Bowen*, 476 U.S. at 480).

An extension of the sixty-day filing deadline may be granted by the Commissioner

where a request is made to the Appeals Council in writing and with a showing that a claimant

had "good cause for missing the deadline[.]"  20 C.F.R. § 404.982; 20 C.F.R. § 422.210(c).

*See also* 42 U.S.C. § 405(g) (a claimant may obtain review by filing within the sixty-day time

period "or within such further time as the Commissioner of Social Security may allow.").  In

considering the existence of good cause, the Social Security Administration considers:

(1) circumstances that kept the claimant from making the request on time; (2) whether any

action of the agency misled the claimant; (3) whether the claimant did not understand the

requirements of the Social Security Act resulting from amendments to the Act, other

legislation, or court decisions; and (4) whether the claimant had any "physical, mental,

educational, or linguistic limitations" which prevented her from timely filing. 20 C.F.R. §

404.911(a).  Good cause may be found, for example, where a claimant "did not receive notice

of the determination or decision."  20 C.F.R. § 404.911(b)(7).

C.    Plaintiff Failed to File His Complaint Within the 60-Day Limitations Period

As mentioned above, in support of his request for dismissal of plaintiff's complaint the

Commissioner submits a declaration from the individual responsible for processing SSI and

DIB claims whenever a civil action has been filed in Washington State, Mr. Weigel.  Mr.

Weigel attests that, upon review of the electronic file maintained by his office relating to

plaintiff's claim and to the best of his knowledge and belief, the Appeals Council issued a June

1, 2012 notice of decision advising plaintiff that he had sixty days from his receipt of the

notice to file a civil action challenging the Commissioner's decision.  Dkt. 15 (Weigel Decl.),

Ex. 2 at ¶ 3(a).  Absent "a reasonable showing to the contrary[,]" plaintiff was presumed to

have received the notice five days after the decision date.  20 C.F.R. § 422.210(c).  Thus,

plaintiff had until August 6, 2012, to timely file his complaint.  *See id*.

It is undisputed, however, that plaintiff did not file his proposed complaint until

October 1, 2012.  Dkt. 1.  The Appeals Council did not extend the time for plaintiff to file his

complaint, and there is no evidence that the Appeals Council ever received a request for an

extension of time from the plaintiff.  Aside from his assertion that he "was having mental

issues and I did send a letter requesting more time about a week before the limit," plaintiff has

made no showing that he actually submitted a request for an extension of the August 6, 2012

deadline, although it appears likely that his mental impairments established "good cause" for

such a request.  Dkt. 25 at 1.  *See* Dkt. 15 (Weigel Decl.), Ex. 2 at ¶ 3(b).  Thus, plaintiff's

complaint is untimely, and the time restrictions of 42 U.S.C. § 405(g) bar review of the

administrative decision denying plaintiff's claim for social security benefits, unless equitable

tolling applies.

     D.     <u>Equitable Tolling is Appropriate Because Plaintiff's Mental Impairments
Prevented Him From Timely Filing the Complaint</u>

Equitable tolling "focuses on whether there was excusable delay by the plaintiff[]" and

"may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information

bearing on the existence of his claim."  *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th

Cir. 2000).  *See also Burnett v. New York Cent. R. Co*., 380 U.S. 424, 429 (1965) (allowing

equitable tolling if "a plaintiff has not slept on his rights, but rather, has been prevented from

asserting them.").  Equitable tolling is available if the plaintiff shows that he has been pursuing

1    his rights diligently, and that some extraordinary circumstance stood in his way.  *See Harris v.*

2    *Carter*, 515 F.3d 1051, 1054-55 (9th Cir. 2008).

3           With respect to requests for extensions of the filing deadline, the Supreme Court has

4    noted, "the [Social Security Administration] regulations governing extensions of time for

5    filing are based on considerations of fairness to claimants. Thus, the Secretary may grant an

6    extension where a suit was not timely filed because of illness, accident, destruction of records,

7    or mistake.  Similarly, an extension may be granted where the claimant misunderstands the

8    appeal process or is unable to timely collect necessary information, or where the Secretary

9    undertook action that 'misled' the claimant concerning his right to review." *Bowen*, 476 U.S.

10   at 480 n.12 (citing 20 C.F.R. §§ 404.911, 416.1411).

11

12          Here, the Court finds that plaintiff has made a sufficient showing that equitable tolling

13   of the statute of limitations is appropriate in this case.  As noted above, plaintiff had until

14   August 6, 2012, to timely file his complaint challenging the Commissioner's "final decision"

15   denying him social security benefits.  Plaintiff's recollection is that he "did send a letter

16   requesting more time about a week before" the August 6, 2012 deadline, although he "was

17   having mental issues" at the time.  Dkt. 25 at 1.  In support of this statement, plaintiff provides

18   a letter from Sunrise Services, Inc., a community mental health organization in Everett,

19   Washington, explaining that plaintiff has been receiving mental health services for

20   schizoaffective disorder, bipolar type and polysubstance dependence, sustained full remission,

21   since April 19, 2011.  *Id*. at 3.  The letter further explains that plaintiff "attended regular case

22   management and prescriber appointments until [his] appointment on 6/7/12.  He had increased

23   psychotic symptoms until he resumed services on 9/20/12." *Id.*

24

25

26

This letter establishes that plaintiff was experiencing "increased psychotic symptoms" during the period when he needed to file a complaint in this action, or alternatively, request an extension of time to do so. This evidence corroborates plaintiff's assertion that although he thought he sent "a letter requesting more time about a week before" the August 6, 2012 deadline, he "was having mental issues" at the time. Dkt. 25 at 1. In other words, even if plaintiff failed to timely request an extension of time from the Commissioner, his failure to do so was caused by his mental impairments and not a lack of diligence on his part. If plaintiff had timely requested such an extension, it appears highly likely that it would have been granted because "good cause" for such extensions includes "illness." *Bowen*, 476 U.S. at 480 n.12 (citing 20 C.F.R. §§ 404.911, 416.1411).

Drawing all inferences in the light most favorable to the plaintiff, the Court finds that plaintiff has established sufficient facts to demonstrate that the Commissioner is not entitled to judgment as a matter of law. Plaintiff's failure to timely file his complaint in August 2012, or request an extension of time to do so, appears to have resulted from his mental impairments, rather than mistake or simple neglect. At least under the circumstances of this case, the Court considers this to be excusable delay by the plaintiff, entitling him to equitable tolling. Accordingly, the Court finds that the statute of limitations period of 42 U.S.C. § 405(g) should not bar this Court's review of the administrative decision denying plaintiff's claim.

Finally, in light of this Court's recommendation that plaintiff be allowed to proceed with his case against the Commissioner, plaintiff is advised that he may benefit from the assistance of an attorney in this action. It may therefore be beneficial for the plaintiff to resume his search for an attorney to represent him, as there are many attorneys in this district who represent social security claimants on a contingent fee basis.

IV.    CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's construed

motion for summary judgment, Dkt. 15, be DENIED.

DATED this 11th day of June, 2013.

James P. Donohue

_____

JAMES P. DONOHUE
United States Magistrate Judge