UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS TROUPE,<br><br>           Plaintiff,<br><br>      v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>           Defendant. | NO.  C12-1687-RSL-JPD<br><br><br>REPORT AND<br>RECOMMENDATION |

Plaintiff Thomas Troupe represents himself and appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") which denied his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an administrative law judge ("ALJ").  Plaintiff filed an opening brief, which substantially violated the terms of the scheduling order imposed by the Court.[1]  For the

---

[1] Although this case is being reversed and remanded, plaintiff is strongly urged to seek the advice of counsel.  The Court has previously advised plaintiff of its opinion in the past.  In his reply brief, plaintiff acknowledged the advice, but noted he was representing himself because plaintiff believed the attorney he once had was not listening to him.  An administrative law judge ("ALJ") is assigned a substantial number of cases to handle, and this case involves substantial legal rights of the plaintiff.  The Court is doubtful that plaintiff will be able to adequately represent himself at the next hearing, and an attorney will help to develop the case,

REPORT AND RECOMMENDATION - 1

reasons set forth below, the Court recommends that the Commissioner's decision be reversed and remanded for further proceedings.

## I.     FACTS AND PROCEDURAL HISTORY

At the time of the administrative hearing, plaintiff was a 40 year-old man with a high school education. Administrative Record ("AR") at 68, 36. His past work experience includes employment as a fish filleter, fisherman, and a welder. AR at 35. Plaintiff was last gainfully employed in January 2007. AR at 25.

On March 28, 2008, plaintiff filed a claim for SSI payments. On April 10, 2008, he filed an application for DIB, alleging an onset date of January 1, 2001, subsequently amended to January 6, 2007. AR at 22. Plaintiff asserts that he is disabled due to posttraumatic arthritis status post right hip fracture; status post methamphetamine overdose with multisystem failure; polysubstance dependence; depression and schitzophrenia.

The Commissioner denied plaintiff's claim initially and on reconsideration. AR at 22. Plaintiff requested a hearing which took place on October 23, 2009 and February 23, 2010. AR at 47-120. On April 16, 2010, the ALJ issued a decision finding plaintiff not disabled and denied benefits based on his finding that plaintiff could perform a specific job existing in significant numbers in the national economy. AR at 22-39. After reviewing additional evidence, the Appeals Council denied plaintiff's request for review. AR at 1-4.

## II.     JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

---

just as his prior attorney did in creating the record in this case. Again, plaintiff should seek legal advice.

REPORT AND RECOMMENDATION - 2

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id.* at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

## IV.   EVALUATING DISABILITY

As the claimant, Mr. Troupe bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act").  *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999)  (internal citations omitted).  The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.  At step five, the burden shifts to the Commissioner.  *Id.*  If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.  Step one asks whether the claimant is presently engaged in "substantial gainful activity."  20 C.F.R. §§ 404.1520(b), 416.920(b).[2]  If he is, disability benefits are denied.  If he is not, the Commissioner proceeds to step two.  At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities.  If the claimant does not have such impairments,

---

[2] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit.  20 C.F.R. § 404.1572.

he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## V. DECISION BELOW

On April 16, 2010, the ALJ issued a decision finding the following:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2010.

2. The claimant has not engaged in substantial gainful activity since January 6, 2007 the amended alleged onset date.

3. The claimant has the following severe impairments: posttraumatic arthritis status post right hip fracture; status post methamphetamine overdose with multisystem failure; and polysubstance dependence.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), including the ability to lift and/or carry 20 pounds occasionally and 10 pounds frequently, to stand and/or walk (with normal breaks) for a total of about six hours in an eight-hour workday, and to sit (with normal breaks) for a total of about six hours in an eight-hour workday. The claimant is without limitation regarding his ability to push and/or pull the above amounts. The claimant can frequently climb ramps and stairs, balance, and stoop; he can occasionally climb ladders, ropes, and scaffolds, kneel, crouch, and crawl. The claimant should avoid concentrated exposure to hazards (machinery, heights, etc.). The claimant can understand, remember, and carry out simple, routine, and complex tasks. As an alternative finding only, the claimant would work best in a situation with limited interaction with co-workers and no public contact.

6. The claimant is unable to perform any past relevant work.

7. The claimant was born on XXXXX, 1969 and was a younger individual age 18-49, on the alleged disability onset date.[3]

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2001, through the date of this decision.

AR at 25-38.

---

[3] The actual date is deleted in accordance with Local Rule CR 5.2, W.D. Washington.

REPORT AND RECOMMENDATION - 6

## VI.  DISCUSSION

The ALJ found plaintiff's sole mental impairment was polysubstance dependence. In addition, the ALJ found plaintiff had an RFC that permitted nearly a full range of light work, and that he was fully capable of understanding, carrying out and performing simple, routine, and complex tasks. After the ALJ's decision, plaintiff's counsel filed a motion for reconsideration with the Appeals Council, outlining the errors committed by the ALJ. AR at 400-05. The motion also included some records from the Veterans Administration ("VA"), some of which were new and material. Some were already in the possession of the ALJ and simply ignored. At least three of the arguments made in support of the request for review (IV. A, B (1) and (2), and C) should have resulted in a reversal and remand for further proceedings by the Appeals Council.

As noted above, the ALJ found no mental impairments other than polysubstance dependence. However, on February 3, 2012, Dr. Jensen with the VA, diagnosed plaintiff with chronic paranoid schizophrenia. AR at 830. Under *Brewes v. Comm'r of Social Sec. Admin.*, 682 F.3d 1157 (9th Cir. 2012), this is part of the administrative record, even though it was not before the ALJ. In addition, plaintiff was previously diagnosed by Dr. Thom with depression NOS and psychosis, NOS, and a GAF of 50. AR at 560. The ALJ concluded that the diagnoses were "suspect" in light of plaintiff's "over-riding" substance abuse problems. AR at 35. Yet, the ALJ did not conduct a Drug and Alcohol Abuse ("DAA Analysis") as discussed further below. Dr. Asher, a medical expert called at the administrative hearing, noted plaintiff had "a provisional diagnosis of schizoaffective disorder." AR at 26. Similarly, the ALJ chose to adopt the findings of Dr. Lewis, but simply ignored the functional limitations offered by Dr. Lewis (including moderate limitations in the ability to maintain attention and concentration, to perform activities within a schedule and maintain regular attendance, and to complete a normal

REPORT AND RECOMMENDATION - 7

workday and workweek without interruptions from psychologically based symptoms), except, as the ALJ noted, "in the alternative." AR at 34. What the phrase "in the alternative" means is left to the imagination as it relates to Dr. Lewis' report.

It is apparent from reading the ALJ's opinion that he was focused on the substance abuse issues involving plaintiff, although the plaintiff was apparently methamphetamine-free by the time of the hearing. Indeed, the ALJ's opinion is sprinkled heavily with references to plaintiff's drug use. This became the vehicle that the ALJ used to ignore plaintiff's mental impairments. However, when doing so, the ALJ failed to conduct a DAA analysis.[4] If the ALJ finds that plaintiff is presently unable to work due to his impairments, including any drug use, then the ALJ must conduct the two-step analysis mandated by *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001. Here, the ALJ simply short circuited the required analysis, by improperly ignoring plaintiff's mental impairments, and suggesting that plaintiff's shortcomings were the result of his drug use. This requires remand.

Plaintiff's physical RFC must also be revaluated, because the ALJ disregarded information that plaintiff was due to undergo a complete hip replacement. This information was provided to the ALJ, but the ALJ simply concluded that limitations pertaining to ambulation "will not persist after hip replacement surgery." AR at 34. There is no basis for this speculation. Moreover, the speculation turned out to be untrue. Plaintiff requires either a

---

[4] Pursuant to the Contract with America Advancement Act, an "individual shall not be considered to be disabled for purposes of [Title II and Title XVI benefits] if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." Pub. L. No. 104-121, 110 Stat. 847 (March 19, 1996) (codified at 42 U.S.C. 423(d)(2)(C), 1382c((a)(3)(J)). Before applying this statute, however, an ALJ must first conduct the five-step sequential-evaluation process and conclude that the claimant is disabled. *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001). If a claimant is found to be disabled and there is medical evidence of plaintiff's DAA use, then the ALJ must apply the sequential-evaluation process a second time to determine whether plaintiff would still be disabled if he or she stopped using drugs and alcohol. *Id*. It is error for an ALJ to conclude that DAA precludes an award of benefits prior to applying the five-step process first. *Id*.

REPORT AND RECOMMENDATION - 8

walker or a cane or both, yet the ALJ concluded that plaintiff could frequently climb stairs and ramps, balance and stoop, and occasionally climb ladders, ropes and scaffolds.

In addition to the foregoing, the ALJ purported to use the grids to find plaintiff able to work, notwithstanding the evidence of record involving non-exertional limitations. This too was error, requiring remand.

## VII. CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED and REMANDED to the Commissioner for further proceedings not inconsistent with the Court's instructions. The ALJ should reevaluate all of the medical evidence, including the VA medical evidence. The ALJ should also call a VE to testify at the hearing. Finally, if the ALJ believes that plaintiff's ability to work is impaired by his past or present use of drugs, he should conduct a thorough DAA analysis. A proposed order accompanies this Report and Recommendation. The Clerk should also send a copy of this Report and Recommendation to plaintiff's former counsel, Chad Beck and Robert Friedman at 3410 Broadway, Everett, WA 98201.

DATED this 12th day of March, 2014.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge